UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRIS RADCLIFFE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:24-cv-01057-TWP-KMB |
| JOEL THACKER, TYLER EVAN BURGAUER, JUSTIN GUEDEL, JONATHAN WHITHAM, MATTHEW CRONLEY, | ) |
| Defendants. | ) |
| SCHINDLER ELEVATOR CORPORATION *, ERIC PROBST, Frost Brown Todd LLP, | ) |
| Intervenors. | ) |
| MILLSTONE MANAGEMENT, LLC, ADRIEN DANNEMILLER, | ) |
| Miscellaneous. | ) |

**ORDER ON PLAINTIFF'S MOTIONS TO TRANSFER VENUE
AND REQUEST FOR EXPLANATION AND CORRECTIONS**

This matter is before the Court on *pro se* Plaintiff Terris Radcliffe's ("Mr. Radcliffe") duplicate Motions to Transfer Venue (Dkts. 117, 121) and Request for Explanation and Corrections, which the clerk has docketed as a Motion for Court Assistance (Dkt. 122). On August 22, 2025, the Court determined that Mr. Radcliffe's § 1983 claim for a violation of equal protection against Defendants Joel Thacker, Tyler Evan Burgauer, Matthew Cronley ("Mr. Cronley"), Justin Guedel, and Jonathan Whitham, in their individual capacities, could proceed; as well as a negligence claim against Mr. Cronley in his individual capacity (Dkt. 88). Mr. Radcliffe asks the

1

Court to transfer this action to the District Court for the Northern District of Georgia, and seeks an explanation and correction from the Court concerning matters which occurred before this case was transferred to the undersigned. For the following reasons, the Motions to Transfer are **denied**, and the request for assistance is **granted in part** and **denied in part.**

I. **DISCUSSION**

The Court will first discuss the motions to transfer venue, before turning to the request for an explanation and correction.

A. **Motion for Change of Venue**

A party may seek change of venue pursuant to 28 U.S.C. § 1404(a), which states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "[S]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to a case-by-case consideration of convenience and fairness. By the same token, [appellate courts] grant a substantial degree of deference to the district court in deciding whether transfer is appropriate." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977–78 (7th Cir. 2010) (internal citations and punctuation omitted). The Seventh Circuit has further explained,

> The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice. The statute permits a flexible and individualized analysis and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations.

*Id.* at 978 (internal citation and quotation marks omitted).

Mr. Radcliffe, a resident of Fulton County, Georgia, initiated this action in this Court after he was trapped in an elevator in a CubeSmart Self-Storage facility in Indianapolis, Indiana (Dkt.

1). The defendants in this case are all state agencies/entities and employees, and Mr. Radcliffe asserts Section 1983 claims against them based on improper elevator inspections and certifications. Mr. Radcliffe has another related action pending in this Court, *Radcliffe v. O'Herren*, Case No. 1:24-cv-01056-TWP-KMB, which he filed the same day as this action, and which arises from the same events in Indianapolis, however the Defendants in related case are the private companies and individuals that own/operate the storage facility, and Mr. Radcliffe alleges breach of duty to customers and negligent maintenance of the elevator.

Since Mr. Radcliffe initiated his lawsuits, vigorous discovery and motions practice have ensued, and several intervenors and interested parties have appeared, all of whom are represented by Indiana counsel. In November 2025—seventeen months after filing suit—Mr. Radcliffe moved to transfer this action to the Northern District of Georgia, which serves Fulton County (Dkts. 117, 121). Mr. Radcliffe asserts that the "Northern District of Georgia is the proper venue for this lawsuit because it will provide the most secure opportunity for an impartial judicial process, and it is in the best interest of justice." *Id.* at 1.

There is no basis for transferring this action to the Northern District of Georgia. There are no allegations in the Amended Complaint, which is the operative pleading, that connect any events or parties to the Northern District of Georgia, except Mr. Radcliffe's residence there. The events at issue took place in Indiana, and the remaining Defendants in this action are Indiana citizens and employed by the State of Indiana. Three of the four defendants in Mr. Radcliffe's related lawsuit are likewise Indiana citizens.[1] *See* Case No. 1:25-cv-01056.

Further, the relevant witnesses and discovery are located in Indiana, as Mr. Radcliffe's claims center on the State of Indiana's inspection and reporting processes for elevators, including

---

[1] The remaining defendant in the related lawsuit, Cubesmart TRS, Inc., is a citizen of Ohio and Pennsylvania.

the elevator at issue in this case (Dkt. 19). The Southern District of Indiana is the proper and most convenient venue for this action, and transfer to the Northern District of Georgia is not appropriate. Mr. Radcliffe also asserts that he is requesting transfer pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and Federal Rule of Civil Procedure 63 (Dkts. 117, 121 at 1). As discussed below, Mr. Radcliffe has challenged the Court's impartiality in several other filings and motions, but Mr. Radcliffe's disagreement with the court orders and personal belief concerning bias against him is not grounds for a transfer of venue. Mr. Radcliffe has not shown that transfer to the Northern District of Georgia is proper, so his Motions to Transfer Venue are **denied**.

B.  **Motion for Assistance**

In October 2024, a telephonic conference to discuss discovery disputes was scheduled in this case, and despite valiant efforts, Mr. Radcliffe was unable to participate because he was provided incorrect call-in information. In his Motion for Assistance, Mr. Radcliffe "requests that the Court provide an explanation for the intentional dissemination of the incorrect call-in and meeting identification information for the October 16, 2024, Telephonic Discovery Conference, previously set before the Honorable Crystal S. Wildeman, United States Magistrate Judge (Dkt. 29)." (Dkt. 122). He asserts that an incorrect admonishment was made against him following communications with a clerk's office staff member, and asserts that an inference was made on October 16, 2024, which characterized Mr. Radcliffe as "the angry black man stereotype," such that he challenges the Court's impartiality. *Id*. at 1–5.

The Motion for Assistance is **granted** in so far as the Court explains that the incorrect call-in information was inadvertent, and Mr. Radcliffe was mistakenly given the incorrect information. Magistrate Judge Wildeman acknowledged such in the October 18, 2024 minute entry.

> Plaintiff did not appear. After the conference, Plaintiff made known that he received incorrect call-in information. The Court, being unaware of the reason for Plaintiff's failure to appear at the time the conference commenced and having reviewed filings and submissions of the parties in advance proceeded with the conference to make record of the discovery issues.
> . . . .
>
> Plaintiff's absence from the Telephonic Discovery Dispute Conference was not willful given he received incorrect call-in information. He therefore will not be required to show cause as to his failure to appear or otherwise sanctioned for the same.

(Dkt. 33). Thereafter, the Magistrate Judge ordered that Mr. Radcliffe must refrain from directly contacting parties to this litigation, and instead must contact Intervenor's counsel in writing, and that "any further contact by Plaintiff directly to Schindler's personnel regarding this case or the subpoena will be considered a contemptuous disregard of this order. " *Id*. at 3. Magistrate Judge Wildeman also issued a ruling on the discovery dispute.

On August 27, 2025, in the interest of judicial economy and pursuant to Local Rule 40-1(e) of the Southern District of Indiana, the clerk reassigned this case to the undersigned and Magistrate Judge Kellie M. Barr for all further proceedings (Dkt. 92). The docket entries in this case show that discovery disputes continued after Judge Barr was assigned.

In his Motion, Mr. Radcliffe takes issue with the following admonishment:

> "Plaintiff is reminded to communicate with counsel, the Court, and Court staff respectfully. Plaintiff's verbal communications with Court staff, particularly on October 16, 2024, were not professional and respectful. Plaintiff is hereby on notice of the Court's expectation that all communications going forward will be appropriate in tone, volume, and substance. Failure to communicate in such a manner may result in sanctions." - Crystal S. Wildeman, United States Magistrate Judge (Dkt. 33).

(Dkt. 122).

On October 30, 2025, following additional discovery disputes, Magistrate Judge Barr issued an admonishment that "the Court echoes and now formally adopts an admonishment that

5

U.S. Magistrate Judge Crystal Wildeman already issued to Mr. Radcliffe in a related case." (Case No. 010564 Dkt. 132 and Case No. 01057 Dkt. 109)." (Dkt. 122 at 5–6).

Both admonishments concerned the Court's requirements of civility and professionalism. Just as lawyers and judges have a duty to treat everyone civilly, avoid personal attacks, focus on fair arguments, avoid demeaning language and to curb emotions, so do litigants, including those proceeding *pro se*. Mr. Radcliffe perceived Judge Wildeman's admonishment to contain "discriminatory racial stereotypes" and that the order and admonishment were premature (Dkt. 122). The undersigned agrees that the admonishment and resolution of the discovery dispute may have been premature, because through no fault of Mr. Radcliffe, he was unable to participate in the conference and present his side of the dispute. However, having reviewed the admonishments that Mr. Radcliffe complains of, the undersigned discerns no discrimination, impartiality, or racism of any sort.

The undersigned is fully aware that racism exists in America and aware that our varied life experiences often influence our perceptions. The Court acknowledges Mr. Radcliffe's perceptions, but does not perceive any of the orders to infer that Mr. Radcliffe is "an angry black man." To put it mildly, this action is zealously litigated by both sides. Both admonishments concerned the Court's requirements of civility and professionalism. Just as lawyers and judges have a duty to treat everyone civilly, avoid personal attacks, focus on fair arguments, avoid demeaning language and to curb emotions, so do litigants, including those proceeding *pro se*. The undersigned perceives the challenges in this case, in part, to stem from Mr. Radcliffe's *pro se* status. Although *pro se* status does not give a party unbridled license to disregard clearly communicated court orders; "*pro se* litigants should be granted appropriate latitude in their dealings with courts and counsel for

6

correct and honorable means." *DJM Logistics, Inc. v. FedEx Ground Package Sys., Inc.*, 39 F.4th 408, 415 (7th Cir. 2022) (quoting *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996)).

Emotions often run high in litigation, and admonishments similar to those issued in this case are routinely issued when allegations of incivility or improper communications are made. *See Rogers v. Allen Superior Ct.*, No. 16-CV-40, 2017 WL 1133600, at *3 (N.D. Ind. Mar. 27, 2017) ("Judges routinely rule on discovery disputes during the course of litigation and have discretion to admonish or sanction counsel [and parties] for their conduct."); *see also Matter of Huntington Commons Assos.*, 21 F.3d 157, 159 (7th Cir. 1994) (explaining that "ordinary admonishments," as well as "expressions of 'impatience, dissatisfaction, annoyance, and even anger,'" are not enough to show a judge's prejudice against a party (quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994))). This is because litigants, attorneys, and all parties—regardless of their race or gender—are expected and required to comport with the rules of civility and professionalism.

This case concerns serious allegations for which Mr. Radcliffe may be entitled to relief. An inordinate amount of time and resources have been spent concerning discovery disputes and accusations. Magistrate Judge Wildeman is no longer involved in this action, so any challenges concerning her impartiality are moot. The Court has no reservations concerning the current Magistrate Judge's ability to fairly and impartially work on this case. Accordingly, the Motion for Assistance is **denied** in all other respects, as unnecessary for the orderly progression and disposition of this case. What is important is that all parties, including counsel, work professionally and with civility towards resolving any pending discovery disputes, so that this case can proceed on the merits.

## II.    CONCLUSION

For the reasons explained in this Order Mr. Radcliffe's Motion for Court Assistance, Dkt. [122], is **GRANTED** in part and **DENIED** in part.

7

Mr. Radcliffe's duplicate Motions to Transfer Venue, Dkts. [117] [121], are **DENIED.** Mr. Radcliffe has not shown that transfer to the Northern District of Georgia is proper; however, if Mr. Radcliffe wishes to pursue his claims in that venue, nothing in this Order prohibits him from voluntarily dismissing this Indiana lawsuit and initiating a separate action in the Northern District of Georgia.

**SO ORDERED**.

Date: 12/15/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

TERRIS RADCLIFFE
5400 Glenridge Drive #420802
Atlanta, GA 30342

Adriana Conway
Frost Brown Todd
aconway@fbtlaw.com

Eric Rupenthal
Easter & Cavoise
erupenthal@easterandcavosie.com

Kevin C. Schiferl
Frost Brown Todd LLP
kschiferl@fbtlaw.com

Blake N. Shelby
Frost Brown Todd LLP
bshelby@fbtlaw.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

Adam Daniel Zacher
Easter & Cavoise
azacher@easterandcavosie.com