UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TERRIS RADCLIFFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01057-TWP-KMB |
| | ) | |
| INDIANA DEPARTMENT OF HOMELAND SECURITY, et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Presently pending before the Court are Defendants Joel Thacker, Tyler Burgauer, Justin Guedel, Jonathan Whitham, and Matthew Cronley's Motion for Leave to File Answer, [dkt. 140], and *pro se* Plaintiff Terris Radcliffe's Motion to Strike, [dkt. 142]. Mr. Radcliffe's Motion to Strike serves as an opposition to Defendants' Motion for Leave to File Answer. Defendants filed a joint response and reply brief, [dkt. 143], and Mr. Radcliffe filed a reply brief. [Dkt. 146.] These motions are now ripe for the Court's ruling.

Also pending before the Court is Mr. Radcliffe's Motion for Summary Judgment, [dkt. 138], and Defendants' Motion to Stay Summary Judgment Briefing, [dkt. 147]. Mr. Radcliffe has responded to the latter of those two motion. [Dkt. 150.]

For the reasons explained below, Defendants' Motion for Leave to File Answer is **GRANTED**, [dkt. 140]; Mr. Radcliffe's Motion to Strike is **DENIED**, [dkt. 142]; and Defendants' Motion to Stay Summary Judgment Briefing is **GRANTED**, [dkt. 147].

**I.    BACKGROUND**

Mr. Radcliffe filed his Amended Complaint in this action on September 19, 2024. [Dkt. 19.] In lieu of filing an Answer, Defendants timely filed a Motion to Dismiss. [Dkt. 36.] On

1

August 22, 2025, the Court granted in part and denied in part Defendants' Motion to Dismiss. [Dkt. 88.] Federal Rule of Civil Procedure 12(a)(4)(A) gave Defendants until September 5, 2025, to file an Answer, but Defendants failed to file an Answer by that deadline.

During the next several months, the Court ruled on several motions, many of which involved non-party discovery disputes. [*See, e.g.*, dkts. 108; 109.] The Court also presided over a discovery hearing on October 3, 2025. [Dkt. 101.] During this period, Mr. Radcliffe also moved to transfer this case to another federal district court, [dkt. 117], and the Court denied that motion on December 15, 2025, [dkt. 125]. Shortly thereafter, the undersigned denied all pending motions in the case without prejudice, including multiple motions for sanctions and motions to strike, echoing the District Judge's directive that the Parties should focus their time and energy on resolving the merits of the claims rather than on ancillary issues and disputes. [Dkt. 126 at 2.]

On January 6, 2026, the Court set case management deadlines. [Dkt. 127.] Among others, the Court set a deadline for discovery requests of April 14, 2026, and a dispositive motions deadline of July 15, 2026. [*Id.*]

Mr. Radcliffe filed a Motion for Summary Judgment on May 22, 2026. [Dkt. 138.] Defendants filed the presently pending Motion for Leave to File Answer later that same day, which they acknowledge was more than eight months after the September 5, 2025, deadline to do so. [Dkt. 140.] In their Motion for Leave, Defendants state that they "inadvertently failed to file Defendants' answer after the Court issued its motion to dismiss order and only realized said error today." [*Id.* at 1.]

## II.    LEGAL STANDARDS

"If a filing deadline passes, Federal Rule of Civil Procedure 6(b) provides that district courts may, for good cause, grant a post-hoc motion for leave to file if the moving party 'failed to

act because of excusable neglect.'"  *Christensen v. Weiss*, 145 F.4th 743, 755 (7th Cir. 2025) (quoting Fed. R. Civ. P. 6(b)(1)(B)).  The excusable-neglect inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  "To determine whether a stated reason qualifies as 'excusable neglect,' the Supreme Court has articulated the following considerations: '[1] the danger of prejudice to the [non-moving party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'"  *Christensen*, 145 F.4th at 755 (quoting *Pioneer Inv. Servs.*, 507 U.S. at 395).

### III.    DISCUSSION

The Court begins by setting forth the Parties' arguments regarding whether Defendants have demonstrated that they failed to act due to excusable neglect under Rule 6(b)(1)(B).  The Court will then assess the Parties' arguments in light of the relevant considerations set forth above.

Defendants argue that they should be able to file a belated answer because their failure to file one timely was due to inadvertence, emphasizing that they sought leave to file an answer the same day they realized their mistake.  [Dkt. 140 at 1.]  Defendants maintain that they have otherwise fully participated in the litigation and that Mr. Radcliffe will not be prejudiced by allowing them to file their belated answer.  [*Id.*]  Defendants submitted their proposed answer with their motion.  [Dkt. 140-1.]

Mr. Radcliffe argues that Defendants' Motion for Leave should be struck pursuant to Federal Rule of Civil Procedure 12(f).[1]  [Dkt. 142 at 1.]  Specifically, he argues that Defendants

---

[1] The Court considers the arguments in Mr. Radcliffe's Motion to Strike as though they were made in response to Defendants' Motion for Leave to File Answer, but it rejects any argument that Rule 12(f) provides a basis to strike Defendants' motion.  *See Renguette v. Bd. Of Sch. Trustees ex rel.*

3

have not demonstrated excusable neglect under Rule 6, as their motion was filed 256 days after the deadline to answer. [*Id.* at 2.] Further, Mr. Radcliffe maintains that Defendants have "selectively limited their participation in this litigation," making only sporadic filings over the last eighteen months. [*Id.*] Lastly, Mr. Radcliffe asserts that he would be prejudiced by allowing Defendants to file a belated answer "because such a delay is far beyond the typical 14-day window under Rule 12(a)(4)(A)." [*Id.* at 3.]

Defendants reiterate that their failure to file an answer was an inadvertent mistake that they moved to correct the same day they realized the mistake. [Dkt. 143 at 1.] Defendants also disagree that they have neglected this case or only sporadically participated. Specifically, Defendants point out that Mr. Radcliffe "engaged in a lengthy discovery dispute with a non-party," and the Court issued a case management plan after that issue was resolved. [*Id.*] "Discovery is ongoing," say Defendants, and they have "been full participants in this litigation." [*Id.*] Moreover, Defendants point out that although Mr. Radcliffe asserts he would be prejudiced if Defendants' motion is granted, "he does not articulate how he would be unfairly prejudiced, especially with discovery ongoing." [*Id.* at 2.] Ultimately, Defendants contend that they "simply made a calendaring mistake . . . and moved to correct that mistake the day [their] counsel caught the error." [*Id.*]

In reply, Mr. Radcliffe reiterates that he would be prejudiced if Defendants were permitted to file a belated answer. [Dkt. 146 at 3.] He argues that he would be "irreparably prejudiced by

---

*Brownsburg Community Sch. Corp.*, 2007 WL 1536841, at *5 (S.D. Ind. May 23, 2007) ("[A] motion to strike, pursuant to Rule 12(f), may only be used to attack a *pleading*. Courts applying Rule 12(f) have consistently declined to construe the term 'pleading' to apply to motions and memoranda." (emphasis in original)); *see also Walker v. Cirian*, 2023 WL 9002811, at *1 (E.D. Wis. Dec. 28, 2023) ("Rule 12(f) applies to pleadings, not motions, legal briefs, or other evidence.").

the tangible erosion of time and the exhaustion of resources that were directed towards resolving this civil litigation."[2]  [*Id.* at 4.]

Turning to the relevant considerations, the Court first considers the risk of prejudice to Mr. Radcliffe as the non-moving party.  *See Christensen*, 145 F.4th at 755.  The Court concludes that Mr. Radcliffe is not meaningfully prejudiced by Defendants' belated answer.  Although Mr. Radcliffe asserts that he would be, Defendants are correct that he does not articulate any specific ways in which he is prejudiced.  Most notably, Mr. Radcliffe makes no reference to any aspect of Defendants' proposed answer or the affirmative defenses asserted therein that would prejudice him if Defendants were permitted to assert them in this case.  Discovery is ongoing, and Mr. Radcliffe may seek discovery regarding any newly asserted affirmative defenses should he choose to do so.[3] In sum, Mr. Radcliffe has not pointed to anything he would have done differently had Defendants timely filed their answer.  This lack of prejudice weighs in favor of finding excusable neglect.

Second, the Court considers the length of delay and its potential impact on this case.  *See Christensen*, 145 F.4th at 755.  Defendants filed their motion more than eight months after the deadline to answer had passed.  This is a significant delay.  However, the length of delay is mitigated by the fact that much of that period was spent litigating non-party discovery disputes, which included an in-person discovery hearing and significant motions practice both before and after the hearing.  [*See, e.g.*, dkts. 101; 108; 109.]  After those issues were resolved, the Court

---

[2] Mr. Radcliffe also references his pending Motion for Summary Judgment and alleged "spoliation issues" that he raises in response to Defendants' pending Motion to Compel. [Dkt. 146 at 3-4.] He does not, however, explain with any specificity how the alleged spoliation issues impact the question of whether he would be prejudiced if the Court permitted Defendants to file a belated answer.

[3] The Court recently extended the discovery deadline to August 14, 2026, and the dispositive motions deadline to September 14, 2026.

issued new case management deadlines, and, as noted above, discovery is ongoing. Therefore, despite Defendants' lengthy delay, permitting Defendants to file a belated answer will have minimal impact on the timely resolution of this case.

Third, the Court must consider the reason for the delay, including whether it was within the reasonable control of Defendants. *See Christensen*, 145 F.4th at 755. The reason for the delay was an inadvertent mistake by Defendants' counsel, which was entirely within Defendants' control.

Finally, the Court considers whether Defendants acted in good faith. *See Christensen*, 145 F.4th at 755. There is no evidence that Defendants acted in bad faith. The undisputed evidence shows that Defendants sought leave to file an answer the same day that they realized their mistake, which is evidence of good faith.

Having considered the Parties' arguments and the relevant circumstances, the Court concludes that Defendants have shown good cause that their failure to file an answer by the deadline was due to excusable neglect. Other than the reason for the delay, all other considerations support granting Defendants' Motion for Leave. When, as here, the case has proceeded as if an answer was timely filed, there is little or no identified prejudice, and the party who missed the deadline was acting in good faith, a finding of excusable neglect is appropriate. *See Cella v. Lilly USA LLC*, 2025 WL 2314732, at *4 (S.D. Ind. Aug. 11, 2025) (finding excusable neglect when the defendant inadvertently failed to file an answer following the Court's ruling on its motion to dismiss, noting that "it would make little sense to enter a default where the parties have litigated [the claims] as though it were still in dispute, the delay was short and caused little injury, and the defaulting party acted in good faith") (citation and quotation marks omitted). For these reasons, the Court **GRANTS** Defendants' Motion for Leave to File Answer. [Dkt. 140.]

6

## IV.    CONCLUSION

For the reasons stated above, Defendants have shown good cause and excusable neglect required by Rule 6(b)(1)(B) to file a belated answer.  Therefore, Defendants' Motion for Leave to File Answer is **GRANTED**, [dkt. 140], and Mr. Radcliffe's Motion to Strike is **DENIED**, [dkt. 142].  Defendants have **seven (7) days from the date of this Order** to file their proposed answer, [dkt. 140-1], as their Answer in this case.

As noted above, the Court recently extended the discovery deadline to August 14, 2026, and the dispositive motions deadline to September 14, 2026.  Mr. Radcliffe already filed a Motion for Summary Judgment, which remains pending.  [Dkt. 138.]  Because the Court in this Order grants Defendants' request to file a belated answer, the Court will give Mr. Radcliffe an opportunity to notify the Court whether he wishes to maintain the presently pending Motion for Summary Judgment or withdraw it such that he can file an amended summary judgment motion by the extended dispositive motions deadline.  Thus, Mr. Radcliffe has until **July 14, 2026**, to file a **no more than one page notice** stating whether he would like to either 1) maintain his pending Motion for Summary Judgment such that the Court will set a briefing schedule on it and then rule on it in due course or 2) withdraw that motion without prejudice such that he can file a new summary judgment motion by the extended dispositive motions deadline in this case.  Failing to file such a notice by that deadline will be construed as a desire for Mr. Radcliffe to pursue the first option—maintain his pending Motion for Summary Judgment such that the Court will set a briefing schedule on it and then rule on it in due course.

Given the foregoing, Defendants' Motion to Stay Summary Judgment Briefing is **GRANTED**, [dkt. 147], to the extent that summary judgment briefing is **STAYED** at this time.  That briefing will remain stayed until the Court issues a revised briefing schedule, if necessary,

7

which cannot occur until after the deadline for Mr. Radcliffe to file the one-page notice set forth

above has passed.

       **SO ORDERED.**

Date: 6/24/2026

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TERRIS RADCLIFFE
5400 Glenridge Drive #420802
Atlanta, GA 30342