**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| TERRIS RADCLIFFE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:24-cv-01057-TWP-KMB |
| JOEL THACKER,<br>TYLER EVAN BURGAUER,<br>JUSTIN GUEDEL,<br>JONATHAN WHITHAM,<br>MATTHEW CRONLEY, | ) | |
| Defendants. | ) | |

**ORDER OVERRULING PLAINTIFF'S RULE 72 OBJECTIONS AND DENYING PLAINTIFF'S PETITION TO CERTIFY FOR INTERLOCUTORY APPEAL**

This matter is before the Court on three motions filed by *pro se* Plaintiff Terris Radcliffe ("Mr. Radcliffe"): (A) a Motion to Object to Magistrate Judge's July 16th and 20th Interlocutory Orders filed pursuant to Federal Rule of Civil Procedure 72 (the "Objections") (Dkt. 172); (B) a Petition for Certification of Interlocutory Appeal and Motion to Amend and Stay filed pursuant to 28 U.S.C. § 1292(b) (the "Petition to Certify") (Dkt. 155); and (C) a Request for the Court to Discharge the July 16th and 20th Orders Pending the Outcome of the Petition for an Interlocutory Appeal (the "Request to Discharge") (Dkt. 165). For the following reasons, the Objections are **overruled**, the Petition to Certify is **denied**, and the Request to Discharge is **denied as moot**.

## I. BACKGROUND

This background section is not intended to provide a comprehensive explanation of this unnecessarily complex case; rather it provides a general overview of the case and issues before the Court. Additional facts will be provided below, as they become relevant to the Court's discussion.

Mr. Radcliffe initiated this action in June 2024 against various Indiana state agencies and officials after he became trapped in an elevator in a self-storage facility in Indianapolis. Mr. Radcliffe asserts 42 U.S.C. § 1983 claims against Defendants Joel Thacker, Tyler Evan Burgauer, Justin Guedel, Jonathan Whitham, and Matthew Cronley ("Cronley") (collectively the "Defendants"), and a negligence claim against Cronley (Dkt. 19; Dkt. 88). The underlying facts and claims are relatively straightforward, but this case has been anything but. The parties—and non-parties—have riddled this case with ancillary motions, discovery disputes, and attacks on each other, counsel, and the Court. Yet despite this noise, the Magistrate Judge has steadfastly attempted to progress this case on its merits. Those attempts have been met with much resistance, including the instant motions.[1]

Mr. Radcliffe challenges four of the Magistrate Judge's Orders, which, in short, permitted the Defendants to file a belated Answer (Dkt. 152), extended both parties' discovery and dispositive motions deadlines (Dkt. 151), compelled Mr. Radcliffe to respond to discovery requests (Dkt. 163), and set a new briefing schedule on Mr. Radcliffe's summary judgment motion (Dkt. 164). Mr. Radcliffe objects to the discovery order and briefing schedule order (Dkt. 172; Dkt. 163; Dkt. 164) and seeks interlocutory appellate review of the orders permitting the belated Answer and extending deadlines (Dkt. 155; Dkt. 151; Dkt. 152). The Court has fully considered the parties' briefs, and the Objections, Petition to Certify, and Request to Discharge are now ripe for the Court's review.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 72 Objections

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

[1] Several other motions remain pending, which will be addressed separately.

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly deferential, permitting reversal of the magistrate judge's ruling only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong," and the court will not modify a magistrate judge's non-dispositive, pretrial decision "simply because [it has] doubts about its wisdom or think[s] [it] would have reached a different result." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, No. 14-cv-956, 2016 WL 427518, at *1 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

## B. Petition to Certify Orders for Interlocutory Appeal

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

> There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed. . . . Unless *all* these criteria

> are satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b).

*Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 675–76 (7th Cir. 2000) (emphases in original). The party requesting an interlocutory appeal has the heavy burden of persuading the court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

## III. DISCUSSION

### A. Mr. Radcliffe's Rule 72 Objections (Dkt. 172)

Mr. Radcliffe objects to two orders issued by the Magistrate Judge: a July 16, 2026 Order Granting Defendants' Motion to Compel (the "Order to Compel") (Dkt. 163); and a July 20, 2026 Order Setting a Briefing Schedule on Mr. Radcliffe's Motion for Summary Judgment (Dkt. 164) (the "Scheduling Order"). The Court will address each Objection in turn.

#### 1. July 16, 2026 Order to Compel

Some additional procedural history relevant to Mr. Radcliffe's Objections to the Order to Compel is instructive. Mr. Radcliffe filed the operative Amended Complaint in September 2024, and Defendants filed a Motion to Dismiss. In August 2025, the Court denied in part the Motion to Dismiss, but Defendants failed to file an answer to the surviving claims. They would not notice this omission for several months. Nevertheless, the case proceeded, and in January 2026, the Magistrate Judge issued an order setting case management deadlines, including discovery deadlines (Dkt. 127).

On May 12, 2026, Defendants filed a Motion to Compel Discovery Responses, stating that they served written discovery on Mr. Radcliffe on March 5, 2026, by mail, that Mr. Radcliffe failed to respond, that he failed to cooperate in scheduling his deposition, and that he ignored Defendants' attempts to informally resolve the discovery disputes (Dkt. 135). On May 22, 2026, Mr. Radcliffe

filed his response (as well as a Motion for Summary Judgment), which noted that Defendants had failed to file an Answer to the Amended Complaint. Defendants then quickly moved to file a belated answer and to extend the discovery and dispositive motions deadlines (Dkt. 140; Dkt. 149), which the Magistrate Judge granted on June 24, 2026 (Dkt. 151; Dkt. 152). Mr. Radcliffe did not object to the Magistrate Judge's June 24, 2026 Orders, and instead filed the pending Petition to Certify.

On July 16, 2026, the Magistrate Judge issued the contested Order Granting Defendants' Motion to Compel (Dkt. 163). The Order to Compel ordered Mr. Radcliffe to respond to Defendants' written discovery requests within fourteen days, deemed his objections to the written requests waived, ordered him to coordinate with defense counsel within ten days to schedule his deposition, and ordered that his deposition occur within thirty days. *Id.* at 7–8.

Mr. Radcliffe argues that the Order to Compel is erroneous for several reasons. He first argues that the Order to Compel was premature because the parties were not yet permitted by the Federal Rules to engage in discovery (Dkt. 172 at 2, 6–7; Dkt. 179 at 2–4). Mr. Radcliffe contends, "Rule 26(d)(1) makes clear that a 'party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," which he asserts never occurred (Dkt. 172 at 6–7). However, Rule 26(d)(1) reads, in full, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), ***except*** in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or ***when authorized*** by these rules, by stipulation, or ***by court order***." Fed. R. Civ. P. 26(d)(1) (emphases added). In this case, the Magistrate Judge's January 2026 Order Setting Case Management Deadlines permitted the parties to engage in discovery under Rule 26(b)(1) (Dkt. 127). Mr. Radcliffe also argues that Rule 26 "requires that a party make a formal appearance . . . before discovery can proceed," and precludes "discovery

[until] after the pleadings are complete." (Dkt. 172 at 7; Dkt. 179 at 8–9). But he does not cite any language from Rule 26 containing any such requirements. The Court's January 2026 Order properly opened discovery, so the July 16, 2026 Order to Compel was not premature.

Mr. Radcliffe further challenges the substance of the Order to Compel. He contends that "[t]he Magistrate Judge misapplied 'good cause,'" but he offers no explanation whatsoever supporting this contention (Dkt. 172 at 5). He also asserts the Magistrate Judge "failed to mention and/or reference" his arguments opposing the Motion to Compel, including his arguments regarding Defendants' request to file an answer. *Id.* at 4, 6–8. This assertion is not correct because the Magistrate Judge clearly "mention[ed] and/or reference[d]" Mr. Radcliffe's arguments that were responsive to the Motion to Compel (Dkt. 163 at 3). It is also clear that the Magistrate Judge reviewed Mr. Radcliffe's other arguments but chose not to consider them because they were "not related to the pending motion." *Id.* at 4 n.1. The Magistrate Judge's decision not to discuss unrelated arguments is neither clear error nor contrary to law.

Relatedly, to the extent Mr. Radcliffe argues that the Order to Compel is erroneous because it is based on alleged errors in the Magistrate Judge's June 24, 2026 Orders, those objections must be overruled (Dkt. 172 at 8 (referring to the June 24, 2026 Orders as "prerequisite ordered rulings of precedent")). Mr. Radcliffe may not use the instant Objections as a Trojan Horse to raise time-barred Rule 72 objections to the June 24, 2026 Orders. In this Order, the Court is focused on alleged errors in the Orders being timely objected to, not any preceding orders.

Mr. Radcliffe next contends that the Magistrate Judge erred by ignoring "the differences between a 'certificate of service' and 'proof of service,'" *id.* at 2, "retroactively" dating Defendants' discovery requests to March 5, 2026, *id.* and finding that service could be established "[a]bsent . . . a third-party independent proof of service statement[,] a sworn written affidavit of

acknowledgement[,] or receipt from a process service provider," *id.* at 9. The Magistrate Judge did not commit any such errors. The Magistrate Judge correctly determined that the evidence presented by Defendants showed Mr. Radcliffe was served by mail on March 5, 2026, consistent with the certificate of service (Dkt. 163 at 1). Mail is a proper method of serving discovery requests, and service is deemed effectuated as of the date of mailing, with no additional proof of service needed. Fed. R. Civ. P. 5(b)(2)(C). Mr. Radcliffe's contention that *pro se* litigants are not required to accept or respond to documents served under Rule 5 is unsupported and incorrect as a matter of law (Dkt. 179 at 5–7). Moreover, Mr. Radcliffe's personal interpretation of the Federal Rules is not a basis for ignoring Defendants' discovery requests. There were several ways in which Mr. Radcliffe might have properly challenged Defendants' discovery requests. Ignoring the requests was not one of them. The Magistrate Judge did not commit clear error or act contrary to law in finding that the Defendants properly served Mr. Radcliffe with written discovery requests on March 5, 2026, and that Mr. Radcliffe failed to timely respond to them.

Mr. Radcliffe also takes issue with the deadlines set in the Order to Compel. He argues it was error to set compliance deadlines that would end before his Rule 72 deadline to object and/or before his Petition to Certify would be ripe (Dkt. 172 at 4). However, Mr. Radcliffe fails to explain how these deadlines constitute clear error or contravention of law. In setting case deadlines, the court is not required to accommodate objections that a party may or may not raise in the future, or to accommodate pending challenges to other orders. Mr. Radcliffe could have requested an extension of the deadlines if he believed one was appropriate, but the Magistrate Judge did not err in setting the deadlines.

Mr. Radcliffe has not demonstrated that the Magistrate Judge committed clear error or acted contrary to law in the July 16, 2026 Order to Compel, so his Objections to the Order to Compel are **overruled**.

**2. <u>July 20, 2026 Scheduling Order</u>**

The Court again begins with the procedural context pertinent to Mr. Radcliffe's Objections to the Scheduling Order. On May 22, 2026, Mr. Radcliffe filed his Motion for Summary Judgment (Dkt. 139). The Defendants then filed, and the Magistrate Judge Granted, the Defendants' Motion for Leave to File Answer, Motion to Stay Summary Judgment Briefing pending further discovery, and Motion to Extend the discovery and dispositive motions deadlines (Dkt. 151; Dkt. 152).

In light of the extended deadlines and forthcoming Answer, the Magistrate Judge invited Mr. Radcliffe to notify the Court "whether he would like to either 1) maintain his pending Motion for Summary Judgment such that the Court will set a briefing schedule on it and then rule on it in due course or 2) withdraw that motion without prejudice such that he can file a new summary judgment motion by the extended dispositive motions deadline in this case." (Dkt. 152 at 7). The Magistrate Judge contemporaneously stayed summary judgment briefing pending Mr. Radcliffe's decision and, if needed, a revised briefing schedule. *Id.* at 7–8.

On July 3, 2026, Mr. Radcliffe notified the Court that he wished to "maintain his pending Motion for Summary Judgment, such that the Court will set a briefing schedule," though he appears to have incorrectly assumed that the Court would "rule on [the motion] immediately, as the deadline to file an opposition motion expired on June 19, 2026." (Dkt. 154).

That brings the Court to the contested July 20, 2026 Scheduling Order, in which the Magistrate Judge lifted the stay of summary judgment briefing and set new briefing deadlines. Mr. Radcliffe assigns several errors to this Order. For one, he argues that the Magistrate Judge erred by giving Defendants an opportunity to file an answer and respond to summary judgment, rather

than defaulting Defendants and awarding summary judgment to Mr. Radcliffe (Dkt. 172 at 9–10). This argument is not persuasive because it was not erroneous for the Magistrate Judge to give Defendants an opportunity to cross-move and respond to Mr. Radcliffe's summary judgment motion. To the contrary, this decision was consistent with the Seventh-Circuit's well-established policy favoring the resolution of cases on their merits rather than through default. *See, e.g.*, *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). Further, to the extent Mr. Radcliffe's Objections to the Scheduling Order are based on the Magistrate Judge's 24, 2026 decision allowing the Defendants' to file a belated Answer, those objections must be overruled. As explained above, Mr. Radcliffe may not use his timely Objections to the Scheduling Order to launch an untimely attack on earlier orders.

It was also not improper for the Magistrate Judge to set summary judgment briefing deadlines after Defendants' original response deadline of June 19, 2026 (*see* Dkt. 154). The June 19, 2026 deadline was set by the Court's Local Rules (S.D. Ind. L.R. 56-1(b)), but the Court has broad discretion to modify or not enforce those rules. *See* S.D. Ind. L.R. 1-1(c); *Benuzzi v. Bd. of Educ. of City of Chicago*, 647 F.3d 652, 655 (7th Cir. 2011) ("District courts have broad discretion to enforce and require strict compliance with their local rules."). The Magistrate Judge had ample authority to set summary judgment deadlines different than those in the Local Rules.

The Court finds that the Magistrate Judge did not commit clear error or act contrary to law in the July 20, 2026 Scheduling Order. The Objections to the Scheduling Order are **overruled**.

**B. Petition to Certify for Interlocutory Appeal (Dkt. 155)**

As summarized above, Mr. Radcliffe filed his Motion for Summary Judgment on May 22, 2026, at which point Defendants finally realized that their Answer was overdue. That realization led to four more motions: Defendants' Motion for Leave to File Answer; Mr. Radcliffe's Motion to

Strike the Motion for Leave, which served as his response in opposition; Defendants' Motion to Extend; and Defendants' Motion to Stay Summary Judgment Briefing pending further discovery.

On June 24, 2026, the Magistrate Judge issued the two interlocutory Orders now at issue (together, the "June 24, 2026 Orders"). One granted the Defendants' Motion to Extend Deadlines (Dkt. 151), and the other granted Defendants' Motion for Leave to File Answer, denied Mr. Radcliffe's Motion to Strike, and granted Defendants' Motion to Stay Summary Judgment Briefing pending a revised briefing schedule (Dkt. 152). Mr. Radcliffe's Motion for Summary Judgment remains pending, as the revised briefing deadlines (Dkt. 164) have not yet passed. Mr. Radcliffe now seeks interlocutory appellate review of the June 24, 2026 Orders.

To certify an order for interlocutory appeal that is not otherwise appealable, the Court must make three findings: (1) that the "order involves a controlling question of law"; (2) "to which there is substantial ground for difference of opinion"; and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court addresses only the first two elements, neither of which is met, thus precluding interlocutory appeal.

A "question of law" under § 1292(b) means "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. The phrase refers to "issue[s] that might be free from factual contest," which "the court of appeals could decide quickly and cleanly without having to study the record." *Id.* at 677.

The proffered question here is whether Defendants' specific conduct constitutes "excusable neglect" under Rule 6(b)(1)(B) (Dkt. 157 at 5). This question does not raise a pure question of law; it does not, for example, ask the Seventh Circuit to review or clarify the standard for "excusable neglect." Indeed, there appears to be no dispute as to the well-settled legal standard applied by the Magistrate Judge (Dkt. 152 at 2–3). Rather, Mr. Radcliffe wants the appellate court to review the

Magistrate Judge's *application* of that standard to the facts of this case (*see* Dkt. 182 at 3 (conceding that "the controlling question is merely whether the district court applied the proper legal standard appropriately")). That is not a question of law appropriate for interlocutory appeal.

But even if Mr. Radcliffe's question were a controlling question of law, it is not the type of question over which there is "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The Court does not consider most of Mr. Radcliffe's arguments in this section of his Petition because they do not relate to contestability and instead rehash unrelated grievances (*e.g.*, Dkt. 157 at 6 (arguing about inability to appear remotely for hearing, alleged non-party misconduct, and perceived bias)). The Court also summarily rejects Mr. Radcliffe's argument (repeated from his Rule 72 Objections) that the Magistrate Judge "failed to mention and/or reference" his opposition, *id.* at 8–9, because it is demonstrably untrue (*see* Dkt. 151 at 1; Dkt. 152 at 3–4).

But even Mr. Radcliffe's relevant arguments do not show that the question at issue is "contestable" under § 1292(b) (Dkt. 157 at 9–11). Mr. Radcliffe cites cases in which courts have declined to extend filing deadlines, but these cases are inapplicable because they involve different deadlines and thus different standards, *Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003) (involving belated 28 U.S.C. § 2254 petition), and materially different circumstances, *Bowman v. Korte*, 962 F.3d 995 (7th Cir. 2020) (finding no excusable neglect where plaintiff filed motion over two years after court-imposed deadline for "'unknown reasons'"). The mere fact that courts differ as to what constitutes "excusable neglect" under different circumstances does not show that the question presented here, under the circumstances of this case, is contestable (Dkt. 182 at 10). In other words, these cases do not present conflicting positions on the question at issue here.

It is not surprising that Mr. Radcliffe cannot find cases conflicting with the Magistrate Judge's resolution of the "excusable neglect" question in this case. The Magistrate Judge's decision

comports with the Seventh Circuit's policy of favoring resolutions on their merits, rather than through default. *See, e.g.*, *Long*, 213 F.3d at 986. And the decision to extend deadlines under Rule 6 is left to the broad discretion of the District Court. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883–84 (7th Cir. 2012) ("Federal Rule of Civil Procedure 6(b) gives courts discretion (with certain exceptions not applicable here) to grant extensions of time when deadlines are missed because of excusable neglect. . . . District courts have considerable discretion to manage their dockets and to require compliance with deadlines."). The June 24, 2026 Orders are not contestable under § 1292(b) and are therefore not eligible for interlocutory appeal.

Because Mr. Radcliffe has failed to satisfy at least the first two elements of § 1292(b), his request for interlocutory appeal is **denied**. *See Ahrenholz*, 219 F.3d at 676 ("Unless *all* these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b)." (emphasis in original)). And because Mr. Radcliffe's request for interlocutory appeal is denied, his request for amendment of the June 24, 2026 Orders pending appeal (Dkt. 157 at 15–17) is also **denied**.

### C. Request to Discharge Orders Pending Petition to Certify (Dkt. 165)

Lastly, Mr. Radcliffe asks the Court to discharge (*i.e.*, vacate or stay) the Magistrate Judge's July 16 and July 20, 2026 Orders (Dkt. 163; Dkt. 164) pending a resolution on the Petition to Certify (Dkt. 165). Generally, the Court will not vacate or stay orders (or the deadlines in those orders) whenever a party challenges another order. But in any event, because this Order resolves the Petition to Certify, the Request to Discharge is **denied as moot**. The July 16 and 20, 2026 Orders, and the deadlines in them, are unaffected by this Order.[2]

[2] For the orderly progression of this case, the parties are reminded that Defendants' Combined Cross-Motion for Summary Judgment and Response in Opposition shall be filed no later than September 4, 2026; Mr. Radcliffe's Combined Reply Brief in Support of his Motion for Summary Judgment and Response in Opposition to Defendants'

## IV. CONCLUSION

For the reasons explained above, Mr. Radcliffe's Objections to the Magistrate Judge's July 16th and July 20th Interlocutory Orders (Dkt. 172) are **OVERRULED**, his Petition for Certification of Interlocutory Appeal and to Amend and Stay the June 24th Orders (Dkt. 155) is **DENIED**, and his Request to Discharge the July 16th and 20th Orders Pending the Outcome of the Petition for an Interlocutory Appeal (Dkt. 165) is **DENIED as moot**.

**SO ORDERED**.

Date: 8/24/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

TERRIS RADCLIFFE
5400 Glenridge Drive
#420802
Atlanta, GA 30342

James Bolen
Lewis and Wilkins
bolen@lewisandwilkins.com

Adriana Conway
Frost Brown Todd
aconway@fbtlaw.com

Eric Rupenthal
Easter & Cavoise
erupenthal@easterandcavosie.com

Kevin C. Schiferl
Fbt Gibbons LLP
kschiferl@fbtgibbons.com

Blake N. Shelby
FBT Gibbons LLP
bshelby@fbtgibbons.com

Cross-Motion for Summary Judgment shall be filed no later than October 2, 2026; Defendants' Reply in Support of their Cross-Motion for Summary Judgment shall be filed no later than October 16, 2026. (Dkt. 164).

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

Adam Daniel Zacher
Easter & Cavoise
azacher@easterandcavosie.com