**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| TERRIS RADCLIFFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-01057-TWP-KMB |
| | ) | |
| JOEL THACKER, | ) | |
| TYLER EVAN BURGAUER, | ) | |
| JUSTIN GUEDEL, | ) | |
| JONATHAN WHITHAM, | ) | |
| MATTHEW CRONLEY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ON PLAINTIFF'S MOTON TO RECONSIDER, TWO MOTIONS TO STRIKE, AND MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY BRIEF**

This matter is before the Court on four motions filed by *pro se* Plaintiff Terris Radcliffe ("Mr. Radcliffe"): (A) Motion for Reconsideration of the Court's Order on Plaintiff's Rule 72 Objections and Plaintiff's Motion to Amend the June 24th Interlocutory Orders (Dkt. 193); (B) Plaintiff's Motion to Strike Defendants' Response in Opposition, Designation of Evidence, Memorandum in Support, and Notices of Manual Filing Documents 187, 188, 189, 190, 191, and 194 (Dkt. 203); (C) Motion to Strike Defendants' Motion for Discovery Sanctions, Memorandum in Support, and Motion for Leave to Supplement Motion for Sanctions Documents 174 , 175 and 177 (Dkt. 203); and (D) Motion for Enlargement of Time to File Reply in Support of the Motion for Summary Judgment (Dkt. 212). For the following reasons the motion for reconsideration and motions to strike are **denied** and the motion for enlargement of time is **granted in part**.

# I. DISCUSSION

Mr. Radcliffe initiated this action in June 2024 against various Indiana state agencies and officials after he became trapped in an elevator in a self-storage facility in Indianapolis. He asserts 42 U.S.C. § 1983 claims against Defendants Joel Thacker, Tyler Evan Burgauer, Justin Guedel, Jonathan Whitham, and Matthew Cronley ("Cronley") (collectively the "Defendants"), and a negligence claim against Cronley (Dkt. 19; Dkt. 88). In his most recent filings Mr. Radcliffe asks the Court to reconsider certain orders, seeks to strike several motions, briefs, exhibits and materials associated with the pending motions for summary judgment and the Defendants' pending motion for sanctions, and he requests an enlargement of time to file his Reply brief to his pending summary judgment motion. The Court will address each motion in turn.

## A. Motion to Reconsider

Mr. Ratcliff challenges the Magistrate Judge's Order which allowed the Defendants to file a belated Answer, Affirmative Defenses, and compelled Mr. Ratcliffe to respond to discovery requests, interrogatories and a deposition. (Dkt. 193 at 1). The undersigned previously overruled Mr. Ratcliffe's objections to the Magistrate Judge's Order and denied his request for an interlocutory appeal. (Dkt. 185). In that Order, the Court determined that Mr. Radcliffe had not demonstrated that the Magistrate Judge committed clear error or acted contrary to law, and found no errors in the Magistrate Judge's decision. *Id*. Mr. Ratcliffe now asks the Court to reconsider its ruling. (Dkt. 193).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales,*

*Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000).

In his Motion and unauthorized Reply (Dkt. 197),[1] Mr. Radcliffe merely repeats the arguments previously made and he does not point to any manifest errors of law or fact, nor does he present any newly discovered evidence. Instead, he raises issues about the pending motion for sanctions and his opposition concerning discovery disputes, makes allegations of fraud and expresses disappointment with prior rulings of the Court. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (citation and quotation marks omitted).

Relief pursuant to a motion to reconsider is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). None of the arguments presented by Mr. Radcliffe support reconsideration. The Court has previously reminded Mr. Radcliff that a motion to reconsider "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Oto v. Metro. Life Ins. Co*., 224 F.3d 601, 606 (7th Cir. 2000).[2]

Because Mr. Radcliffe has presented no legal bases to show that reconsideration is appropriate or merited his Motion for Reconsideration is **denied.**

---

[1] Because no response brief was filed to this motion, no reply brief is allowed.

[2] In the related case No. 1:24-cv-01056-TWP-KMB, Mr. Radcliffe has requested reconsideration of at least eight (8) Orders issued in that case. (*See* 1:24-cv-01056, Dkts. 156, 158, 160, 161, 181, 233), and the Court reminded him of the standard for these motions. Mr. Radcliffe is **admonished** that he must refrain from filing motions to reconsider that have no merit

**B. Motions to Strike**

Mr. Radcliffe moves to Strike Defendants' Response in Opposition, Designation of Evidence, Memorandum in Support, and Notices of Manual Filing Documents 187, 188, 189, 190, 191, and 194 (Dkt. 202); and moves to Strike Defendants' Motion for Discovery Sanctions, Memorandum in Support, and Motion for Leave to Supplement Motion for Sanctions Documents 174 , 175 and 177 (Dkt. 203). He alleges the Defendants have fraudulently photoshopped signatures in affidavits, "intentionally disported and manipulated material facts to deceive the Court" and Defendants counsel has spoliated evidence. (Dkt. 202 at 2-4, Dkt. 203 at 2-5). As noted by Defendants in their Response brief, Mr. Radcliffe "yet again" has filed collateral motions to strike Defendants' filings related to their motions for summary judgment instead of responding on the merits." (Dkt. 207).

Motions to strike are disfavored. Local Rule 56-1(i) states that the Court "disfavors collateral motions – such as motions to strike – in the summary judgment process." S.D. Ind. L.R. 56-1(i). In addition, Federal Rule of Civil Procedure 56(c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence, but striking the evidence is not the appropriate remedy. Likewise, Mr. Radcliffe's attempts to strike motions and filings related to the pending Motion for Sanctions, are not appropriate. In his Reply briefs, Mr. Radcliffe may object to the pending motions and exhibits that he finds objectionable, but there is no basis for striking them. Accordingly, the Motions to strike (Dkts. 202 and 203) are **denied**.

**C. Motion for Extension of time to file Reply Brief**

Mr. Radcliffe filed his Motion for Summary Judgment on May 22, 2026 (Dkt. 138). Thereafter, briefing was stayed to allow additional discovery (Dkt. 152). On July 20, 2026 the stay was lifted and an Order Setting Briefing Schedule on Plaintiffs Motion for Summary Judgment

was issued. (Dkt. 164). The Defendants' Combined Cross-Motion for Summary Judgment and Response in Opposition were to be filed no later than September 4, 2026 and Mr. Radcliffe's Combined Reply Brief in Support of his Motion for Summary Judgment and Response in Opposition to Defendants' Cross-Motion for Summary Judgment were to be filed no later than October 2, 2026. *Id.* The Defendants' Reply in Support of their Cross-Motion for Summary Judgment was to be filed fourteen days later—or by October 16, 2026. *Id.*

Defendants timely filed their Response and Cross-Motion for Summary Judgment on September 3, 2026 (Dkt. 187). Mr. Radcliffe's deadline to file a Reply brief was October 2, 2026, but he requested an enlargement of the October 2 deadline. (Dkt. 198). That motion was granted and he was given until October 30, 2026 to file his Reply brief (Dkt. 201). On the eve of his October 30th deadline, Mr. Radcliffe filed the instant second motion for enlargement of time for Seventeen (17) days—or until November 16, 2026—to file his Reply brief. (Dkt. 212). In his motion, Mr. Radcliffe mentions that he is awaiting a ruling on his pending motions to strike and to reconsider, but he states no reason why he cannot comply with the October 30th deadline.

The Court observes that Mr. Radcliffe makes time to file ancillary motions—*see* Dkts. 202, 203, 204 filed on October 14, 2026, and Dkts. 210, 211 filed on October 27, 2026— rather than making time to file his Reply brief. Mr. Radcliffe is well aware that this Court's Local Rules provide that the moving party may file a Reply brief within **14 days** after the response is served. *See* Southern District of Indiana Local Rule 56-1 (a)(b) and (c). So, if he intends to file a Reply brief, his attention should be focused on that task. Because Mr. Radcliffe's deadline is upon us, the Court will graciously grant him an additional seven (7) days until Friday November 6, 2026 to file his Reply brief. Accordingly, the Motion for enlargement of time is **granted in part**. This deadline has been previously extended, and no further enlargements of time will be granted.

## II. CONCLUSION

For the reasons explained above, Mr. Radcliffe's Motion for Reconsideration of the Court's Order on Plaintiff's Rule 72 Objections and Plaintiff's Motion to Amend the June 24th Interlocutory Orders, Dkt. [193] is **DENIED**. Mr. Radcliff's Motion to Strike Defendants' Response in Opposition, Designation of Evidence, Memorandum in Support, and Notices of Manual Filing Documents 187, 188, 189, 190, 191, and 194, Dkt. [202] is **DENIED**. And Mr. Ratcliffe's Motion to Strike Defendants' Motion for Discovery Sanctions, Memorandum in Support, and Motion for Leave to Supplement Motion for Sanctions Documents 174 , 175 and 177, Dkt. [203] is **DENIED.** Mr. Radcliff's Motion for Enlargement of Time to File Reply in Support Motion for Summary Judgment, Dkt. [212] is **GRANTED in part**. Mr. Radcliff has until **Friday November 6, 2026** to file a Reply brief. Defendants will have fourteen (14) days after Mr. Radcliffe's Reply is filed to file a Reply in Support of their Cross-Motion for Summary. The parties should anticipate no further extensions of these deadlines.

**SO ORDERED.**

Date: October 29, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

TERRIS RADCLIFFE
5400 Glenridge Drive
#420802
Atlanta, GA 30342

James Bolen
Lewis and Wilkins
bolen@lewisandwilkins.com

Adriana Conway
Frost Brown Todd
aconway@fbtlaw.com

Eric Rupenthal
Easter & Cavoise
erupenthal@easterandcavosie.com

Kevin C. Schiferl
Fbt Gibbons LLP
kschiferl@fbtgibbons.com

Blake N. Shelby
FBT Gibbons LLP
bshelby@fbtgibbons.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

Adam Daniel Zacher
Easter & Cavoise
azacher@easterandcavosie.com